On Rehearing Granted
PER CURIAM.
We granted a petition for rehearing and have heard this matter re-argued. The petition for rehearing pointed out certain factual errors in the opinion. These have been corrected and our opinion of February 12, 1958, has accordingly been revised.
*495 On the merits the respondents suggest by the petition for rehearing that in our original consideration of the cause we overlooked the fact that when the Commission entered its order No. 3477 on April 24, 1956, approving the transfer of Certificate L-60 from Watt Smith to Florida Tank Lines, Inc., they included the restriction as to domicile allegedly as the result of a pri- or hearing on the same day in which the Commission imposed a penalty upon Watt Smith for violating the domiciling provisions of the prior general order No. 2928 governing all heavy haulers. In our original consideration of the matter we did not overlook this proposition. We merely had the view that under Section 323.03(5) Florida Statutes, F.S.A. the respondent Commission was empowered to place the restriction in the certificate when it approved the transfer thereof. Having imposed the restriction as a condition to the transfer, the Commission thereby exercised a power clearly conveyed to it by controlling legislation. The recipient of the transferred certificate, Florida Tank Lines, Inc., offered no objection to the imposition of the restriction and on the contrary completed the transfer and accepted the certificate with the domiciling restriction.
Further, by the petition for rehearing, the respondents, joined by Florida Tank Lines, Inc., insist that no review was sought of the imposition of the restriction by the transfer order for the reason that order No. 2928 tentatively imposing domiciling restrictions on all heavy haulers was still in effect. Despite this contention, the fact remains that when the Commission subsequently considered its general order No. 2928 imposing domiciling restrictions on all heavy haulers and by its order No>. 3758 entered February 25, 1957 dismissed the general order but specifically provided that domiciling restrictions which had theretofore been specifically included in any particular certificates would not be affected by the dismissal of the tentative order, no review of this decision of the Commission was sought. As pointed out in our original opinion, Florida Tank Lines, Inc. was a party to all of these proceedings and at no time sought a review of the several orders of the respondent Commission imposing or preserving the restriction on its certificate.
We have thoroughly and carefully reexamined the entire record in the light of the briefs and the comprehensive petition for rehearing. After such careful further study we are compelled to conclude that our original judgment was correct and we must, therefore, adhere to our opinion of February 12, 1958 as revised.
It is so ordered.
TERRELL, C. J., and HOBSON, DREW, THORNAL and O’CONNELL, JJ., concur.